J-A05044-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| A.C.S. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| L.A.W. | : | No. 1507 WDA 2019 |

Appeal from the Order Entered October 3, 2019
In the Court of Common Pleas of Westmoreland County Civil Division at
No(s):  2013-2018-D

BEFORE:  BENDER, P.J.E., BOWES, J., and PELLEGRINI, J.[*]

DISSENTING MEMORANDUM BY PELLEGRINI, J.:        FILED JULY 23, 2020

The Majority vacates the trial court's custody order granting L.A.W.

(Mother) primary physical custody of the parties' autistic son (Child) (born

4/07/17) and permitting Mother to relocate with Child to her parents' residence

in Naples, Florida, and remands for a custody hearing so that both parties can

adduce evidence relevant to an award of primary physical custody, either with

A.C.S. (Father) in Pennsylvania or Mother in Florida.

It does so because it finds that the trial court misled Father by (1) stating

that proceedings did not implicate his primary physical custody petition when it

did, and (2) stating that it was going to order a custody evaluation and it did not

do so.  Because I disagree with the Majority that the trial court, in any way,

misled Father by deciding custody solely in the relocation proceeding or

_____

[*] Retired Senior Judge assigned to the Superior Court.

precluded Father from requesting a custody evaluation of both Mother and Father, presuming that he wanted them to occur, I respectfully dissent.

I.

The Majority finds that the trial court erred in awarding primary physical custody to Mother because it advised Father that only the relocation proceeding was before that court and failed to address the competing petitions for primary physical custody and relocation collectively in entering the order. However, that was what the trial court initially envisioned how the matter would be resolved but could not do so at the insistence of Father's counsel so the only matter before the trial court was the Mother's relocation petition.

By way of background, at the beginning of proceedings on April 26, 2019, the trial court expressly told the parties that it would address both Father's petition for primary physical custody and Mother's petition to relocate, both of which were pending before the court. (Reproduced Record (R.R.) 23a.). However, at the July 11, 2019 hearing, in a truly headache-inducing colloquy between Father's counsel and the trial court, some of which Majority recounts, the trial court stated that it always considered the matter consolidated and it could not see how Father would benefit by bifurcating the matter. (R.R. 754a). Father's counsel repeatedly insisted that only the relocation matter was before the trial court, and the trial court stated it did not understand counsel's position but wanted to be fair. (R.R. 758a). After lunch, when court resumed, the trial court revisited the matter, stating "I guess as a temporary matter, I am granting your motions and we are going to proceed with the relocation proceeding and

would you please do so." Father's counsel responded "Yes, Sir". (R.R. 768a). So, at his insistence, Father's custody petition was not before the court, just the relocation proceeding.

However, that does not mean that custody was not before the trial court; it is always at issue in the relocation proceeding. Specifically, 23 Pa.C.S. § 5337(g)(4) provides that: "If the court approves the proposed relocation, it shall: (i) modify any existing custody order; or (ii) establish the terms and conditions of a custody order." This provision requires the trial court, once it approves relocation, to modify the custody order. It did so here.

This means the Majority, vacating the trial court's modification of the custody order and remanding for a custody hearing where both parties can adduce evidence relevant to an award of primary physical custody, either with Father in Pennsylvania or Mother in Florida, is improper. First, what the Majority is doing is impermissibly reversing the trial court's order granting relocation when there is no dispute that the issue was properly before it. The Majority apparently does so because the trial court modified the existing custody order without hearing Father's petition for custody. In so doing, it fails to appreciate that 23 Pa.C.S. § 5337(g)(4) gives the trial court the power to do so within a relocation proceeding. Second, that is what Father requested.

In granting Mother's request to relocate to Naples, Florida, in accordance with 23 Pa.C.S. § 5337(g)(4), the trial court continued to grant primary physical custody of Child to Mother, but modified the previous order giving Father unsupervised partial physical custody in a progressive weekly schedule to one

granting him partial physical custody of Child for one week per month. In support of its order, the trial court issued a well-reasoned opinion, addressing all the factors required to be considered in determining whether to permit relocation as well as setting forth the reasons for modifying custody. It appears that Father's Petition for Custody is still before the trial court and there is nothing to preclude Father from moving forward on that Petition.[1]

## II.

The other basis on which the Majority vacates the trial court's order is that it accepts Father's position that the court failed to follow through by failing to enter an order directing custody evaluations. In arriving at its decision, the Majority chastises the trial court for purportedly inaccurately stating in its opinion that the parties failed to pursue a custody evaluation because it ignores that it stated, on the record, that it would order a custody evaluation. More context is needed to understand the reasoning behind the trial court's explanation than what the Majority provides.

At the April 11, 2019 hearing before the trial court was Father's Motion for Psychiatric Examination of Mother. The trial court, after noting that it would not approve psychiatric evaluation, after explaining how custody evaluations are conducted, suggested that those be performed on Father and Mother instead of

_____

[1] Father does not contend that he was unable to present any evidence at the hearing. In fact, a review of the transcript demonstrates that testimony was largely about custody, with Father's testimony about the matter spanning hundreds of pages in a record that contains thousands of pages.

just on Mother. Father's counsel stated that while she understood, Father was requesting a psychiatric evaluation of Mother. The trial court deferred the matter to the next hearing. (R.R. 9a-10a).

At the next hearing on April 23, 2019, Father's counsel renewed the request for psychiatric exams which the trial court refused to grant, but did state that it was going to order custody evaluations, again something that Father never requested. Because the trial court did not follow through with an Order, the Majority remands the matter to the trial court for custody evaluations.

What the Majority ignores is that the trial court was correct in that neither party then pursued custody evaluations. It is true that the trial court said it was going to issue an order and never did; there were nine hearings between June 10, 2019, and August 6, 2019, and the final order was not entered until October 2, 2019. Father never sought custody evaluations. Perhaps he did not seek custody evaluations because it was not the psychiatric evaluation that he requested for Mother only or perhaps he did not want to subject himself or his family to a custody evaluation. The plain fact is that the trial court is correct that Father did not request a custody evaluation during that period.

More importantly, in vacating and remanding on that basis, the Majority rewards Father's counsel for neglecting to bring to the court's attention that it failed to issue the order for custody evaluations. If Father truly wanted custody evaluations, he should have brought the matter back to the trial court for such an order and remind it that it was going to enter an order. Simply, we should not reward Father by vacating the award when it was his counsel's lack of

diligence or trial tactic that resulted in the lack of custody evaluations, assuming they were truly desired.

I also note that the Majority's resolution of this issue, though erroneous, would not vacate the grant of relocation but only the custody determination.

For the foregoing reasons, I respectfully dissent.